# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| STATE OF ILLINOIS; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; COMMONWEALTH OF VIRGINIA; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAI'I; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; Governor of the COMMONWEALTH OF PENNSYLVANIA; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN;<br><br>     *Movants*,<br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>     *Respondent*. | No. 1:26-mc-19 |

## DECLARATION OF BRAD BENFIELD

I, Brad Benfield, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a resident of the State of Washington. I am over the age of 18, competent to testify as to the facts herein, and I testify based on personal knowledge, records kept in the ordinary course of business at the Washington State Department of Licensing (WA DOL), and information I learned from WA DOL personnel whose work I rely upon and who have assisted me in gathering this information from our institution.

2.  I am currently employed by the WA DOL as the Assistant Director for the Programs & Services Division since May 2017. Previously, I served as the WA DOL Director of Communications from December 2013 to May 2017 and as the WA DOL Media Relations Manager from January 2005 to December 2013.

3.  In my current role at WA DOL, I am responsible for a broad array of driver and vehicle licensing programs and functions. As the Assistant Director of Programs and Services of WA DOL, I am responsible for overseeing the maintenance and updating of all Washington State driver and vehicle records and overseeing special driver and motorcycle licensing and traffic safety programs. This includes executive management of the Washington State Commercial Driver Licensing Program and overseeing several American Association of Motor Vehicle Administrators (AAMVA) data sharing agreements, including the agreement that includes the Commercial Driver Licensing Information System (CDLIS).

4.  In Washington, WA DOL is the state driver licensing agency (SDLA) and has powers and duties relating to issuing and renewing both commercial drivers' licenses (CDLs) and non-commercial drivers' licenses. (See, for example, RCW 46.01.011.) Among other things, WA DOL is responsible for verifying each driver's license applicant's legal eligibility and medical fitness, identifying and disciplining problem drivers, and protecting the privacy of drivers' personal information.

### Washington's Management of Driver Licensing

5.  WA DOL is responsible for issuing and renewing commercial driver's licenses (CDLs) and personal driver's licenses (PDLs) to residents of Washington.

6.  As part of Washington's commitment to traffic safety, WA DOL follows stringent procedures to ensure that drivers do not receive a license unless they can safely operate a vehicle and

2

DECLARATION OF BRAD BENFIELD

observe all traffic laws. In pursuit of that goal, and in accordance with state and federal laws and regulations, WA DOL administers driving tests, assesses applicants' medical fitness, checks to ensure that each applicant is not the holder of a driver's license from any other state, and checks each applicant's driving history to ensure that the applicant has not been subject to discipline or had their license revoked. For CDLs, WA DOL also verifies the applicant's citizenship and immigration status.

7.    To comply with our legal obligations and ensure that each driver has a clean record, it is necessary for WA DOL to have a means of checking each driver's status, not only in Washington, but in other states where the applicant may have held a license.

8.    For CDLs, this check is conducted through a database called the Commercial Driver's License Information System (CDLIS).

### The Commercial Driver's License Information System (CDLIS)

9.    CDLIS is a database that contains driver records owned and maintained by the states. It operates as a clearinghouse where states can assist one another in verifying the identity and history of individual CDL applicants. CDLIS is operated on behalf of the states as a cooperative endeavor by AAMVA, a trade association for SDLAs, of which all states and some foreign jurisdictions are members.

10.    CDLIS does not contain a driver's full record. Rather, CDLIS contains a "Master Pointer Record" (MPR) for each CDL holder in the United States, which consists of each driver's: state of record, driver license number, name, date of birth, social security number (SSN), sex, the date and time the driver was added to CDLIS, the date and time the record was last updated, and indicators showing whether a change in the state of record is in progress, and whether the number in the SSN field is an SSN, a substitute SSN, or a pseudo SSN.

11.    If WA DOL queries CDLIS and finds that an applicant has a Master Pointer Record, WA DOL would then send the identified state of record for that driver a request for the driver's full history, called a "driver record" or "Driver History Record" (DHR) which the state of record would provide directly to the requesting state. Similarly, if another state queries CDLIS and finds a Master

3

DECLARATION OF BRAD BENFIELD

Pointer Record for a driver licensed in Washington, WA DOL would send that driver's record to the requesting state.

12. To query CDLIS, a user must know either the driver's name and date of birth, the driver's license number, or the driver's SSN. Users cannot conduct indiscriminate batch searches, such as searching for all drivers born in 1987, or all drivers with the last name "Smith."

13. As stated above, the data in CDLIS is owned and maintained by the states. WA DOL has the power to add, delete, or change its own records maintained in CDLIS—and regularly does so, to ensure that our data remains accurate and up-to-date. Neither AAMVA nor the Federal Motor Carrier Safety Administration (FMCSA), on the other hand, has any power to make additions, deletions, or changes to Washington's CDLIS data.

14. Before issuing a CDL, Washington, like all states, is required to use CDLIS to determine whether an applicant for a CDL already holds one, whether his or her license has been disqualified, and whether the applicant is disqualified from operating a motor vehicle. *See* 49 CFR 383.73(b)(ii). WA DOL typically queries CDLIS hundreds to thousands of times per day.

15. WA DOL has participated in and relied on CDLIS to operate its CDL program since the early 1990s. Under federal law, we need CDLIS or some other system like it in order to serve our public safety mission: WA DOL needs to know whether an applicant has a history of dangerous or unlawful driving in order to fulfill its public safety mission. If CDLIS were to shut down, particularly on short notice, it would be a major impediment to the operation of our CDL program.

16. WA DOL participates in CDLIS pursuant to a contract with AAMVA.

17. In addition to CDLIS, AAMVA also operates other critical programs that WA DOL is required to use. For example, AAMVA operates the Problem Driver Pointer System ("PDPS"). PDPS allows states to search the National Driver Registry ("NDR"), which contains information on problem drivers. By carrying out a PDPS search, WA DOL obtains information that directs them to the jurisdiction that has a full record of a driver's history. Based on this information, WA DOL can determine whether an applicant for a driver's license is eligible.

18. Like CDLIS, PDPS was created by statute and is a function of the National Highway Transportation Safety Administration ("NHTSA").

4

DECLARATION OF BRAD BENFIELD

19. WA DOL queries at least one AAMVA system every time an individual applies for a driver's license.

**FMCSA's Demand for CDLIS Data**

20. On July 27, 2026, I learned that FMCSA has demanded that AAMVA turn over to FMCSA the entire contents of CDLIS, including Washington records. I learned of this from a memo from AAMVA President Ian Grossman to all SDLA Chief Administrators issued this date.

21. I am unaware of FMCSA ever previously requesting or demanding that AAMVA turn over the entire contents of CDLIS.

22. I understand that FMCSA has asserted that it needs this data so that it can verify CDL validity and conduct motor carrier safety assessments.

23. I also understand that FMCSA has asserted that, once it obtains this data, it could lawfully share it with any other federal agency for use in carrying out that agency's functions. I am not aware of sufficient protections that would ensure the confidentiality of this data once it is in the hands of FMCSA.

**Irreparable Harm of Disclosure to FMCSA**

24. FMCSA's demand seeks Washington's records and data in bulk.

25. Once Washington data is in FMCSA's hands, Washington would lose control and oversight of its confidential records. To my knowledge, FMCSA has not made any commitments to AAMVA that it will maintain the confidentiality of this data; to the contrary, it has indicated that it is authorized to redisclose it to any other federal agency. And even if FMCSA made promises to AAMVA regarding the privacy of this data, Washington would not be in a position to enforce those promises, and these new records, which would be federal and not state records, could be used for purposes that violate our state law and regulations regarding the permissive use of the information.

26. In particular, WA DOL is bound by Washington's Keep Washington Working Act which generally restricts state agencies from using agency resources, including funds, facilities, property, equipment, or personnel, to investigate, enforce, cooperate with, or assist in the investigation or enforcement of federal immigration law. *See, e.g.*, RCW 43.17.425. Handing over confidential information on hundreds of thousands of Washington's drivers to FMCSA—without an agreement

5

DECLARATION OF BRAD BENFIELD

that this information will not be used for civil immigration enforcement—is incompatible with those obligations.

27. Moreover, if the data were turned over to FMCSA, Washington would not be able to update the data or ensure that it is accurate, creating the risk that out-of-date or erroneous data attributed to Washington could form the basis or justification for federal action.

28. Finally, residents of Washington entrust WA DOL with their personal data when they apply for a commercial driver's license. That trust would be damaged if confidential data is turned over in bulk to FMCSA without controls and without a clear statement of FMCSA's purpose in seeking it.

29. A readily foreseeable result of this breach of trust is that fewer people will seek CDLs from Washington. This means Washington will lose revenue, as each applicant for a CDL must pay various fees often exceeding $200.

### Washington would be harmed if AAMVA's programs were impaired

30. I understand that FMCSA has threatened to terminate all of its funding to and contracts with AAMVA, including the funding that provides for the upkeep of CDLIS.

31. Washington would be seriously harmed if FMCSA carried out those threats.

32. As stated above, WA DOL heavily relies on CDLIS, State-to-State (S2S), the PDPS, and other resources and services operated by AAMVA.

33. In particular, without an effective, functioning, and up-to-date CDLIS, WA DOL would not be able to issue new CDLs or renew existing ones in compliance with federal law and regulations. This would result in driver shortages, freight disruptions, school transportation disturbances, and job loss. And even if those laws and regulations did not apply, Washington would be harmed by losing access to an important public safety resource that keeps unsafe drivers off of Washington roads.

### WA DOL participated in CDLIS on the understanding that its records would be kept secure

34. I understand that Washington's participation in the CDLIS system is a condition to receiving certain federal highway funds.

6

DECLARATION OF BRAD BENFIELD

35.     It has never been Washington's understanding that FMCSA or any other federal agency has lawful authority to obtain the entire contents of CDLIS, nor that granting FMCSA the right to obtain and redisclose bulk Washington record sets was a condition of participation in CDLIS.

36.     Washington has relied on the security and confidentiality of CDLIS records in designing its own information systems, in establishing practices relating to the maintenance of such records, and in notifying applicants for CDLs about how their information would be used and shared.

37.     If FMCSA is able to obtain and redisclose Washington records whenever it wishes, Washington will need to alter its practices.  Among other things, Washington will need to revise the assurances of confidentiality it provides to CDL applicants, which will require the expenditure of state resources.

38.     If WA DOL had been aware that those funds were conditioned on having to hand over CDL driver data en masse as FMCSA is currently asking it to do, it may not have agreed to participate in CDLIS unless expressly commanded by federal law.

* * *

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on August 9, 2026, in Olympia, Washington.

_____
Brad Benfield
Assistant Director of Programs and Services
Washington State Department of Licensing

7

DECLARATION OF BRAD BENFIELD