**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, et al.,<br>*Movants*,<br>v.<br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>*Respondent*. | No. 1:26-mc-19<br>Hon. Anthony J. Trenga |

**MOVANT STATES' OPPOSITION TO**
**MOTION TO LIFT ORDER OF ABEYANCE**

Movant States respectfully request that the Court deny Respondent's motion to lift the order of abeyance in this matter. The federal government's representations in this action and related case *Illinois v. Department of Transportation* strongly suggest that the federal government is trying to evade the relief that this Court ordered in the related case. Until the status of the preliminary injunction in that case is secure, this Court should continue to hold this separate but related action in abeyance.

A recitation of the procedural history in the two matters explains why continued abeyance is necessary. On August 13, 2026, Movant States filed a motion to quash Administrative Subpoena No. HSI-DC-2026-081167-001 (the "Subpoena"), in which the U.S. Department of Homeland Security ("DHS") demanded that the American Association of Motor Vehicle Administrators ("AAMVA") produce 17 million State-owned records from the Commercial Driver's License Information System ("CDLIS"). Simultaneously, Movant States filed a related civil action challenging the U.S. Department of Transportation ("DOT") and Federal Motor Carrier Safety Administration's ("FMCSA") demand for the same state-owned records from the same entity in the same time frame. *Illinois v. U.S. Dep't of Transp.*, Case No. 1:26-cv-2547 (E.D. Va.).

Specifically, the record in this action establishes the following relationship between the two cases: DHS initially issued the Subpoena shortly after FMCSA issued a parallel demand that AAMVA turn over the contents of CDLIS to FMCSA. Dkt. 3-1 at 15. In their requests, DHS and

FMCSA sought precisely the same records: all MPRs, going back five years, containing the driver's name, date of birth, State of record, license number, and SSN, and if an SSN was removed from the MPR, the date of such removal. *Compare* Dkt. 3-1 at 24, *with* Dkt. 3-12 at 8, 14–19. FMCSA informed AAMVA that the two agencies "coordinated" on the requests. Dkt. 3-1 at 15. And DHS initially withdrew its Subpoena after AAMVA indicated that it would accede to FMCSA's request—only to reissue that same Subpoena two business days after AAMVA told FMCSA that it was reconsidering that decision and would not produce the records before August 14. Dkt. 3-1 at 16, 23. FMCSA itself told AAMVA that the DHS-issued Subpoena was a "DOT . . . action" prompted by AAMVA's "shift in position." *Id.* at 21.

On August 20, 2026, this Court held a hearing in both cases. At that hearing, this Court asked both parties about holding this matter in abeyance while the Court addressed the claims in the related case. Later that same day, the Court entered an order holding the motion to quash in abeyance in this action and continuing the time for AAMVA to respond to the subpoena, pending further order of the Court. Dkt. 25. In the related case, the Court entered a temporary restraining order and set a briefing schedule for Plaintiff States' preliminary injunction motion. On September 17, 2026, this Court entered a preliminary injunction in the related case. There, the Court found that:

> Given the absence of any credible substantive explanation for how the requested data transfer is needed for FMCSA to perform its statutory purpose, and given that FMCSA can already access CDLIS records by making individual queries and continue to access the driver records themselves held by the States, the compelling inference is that the Federal Defendants seek these 17 million files in large part, if not primarily, for immigration enforcement, which is not part of FMCSA's statutory mandate, particularly given that, **as they concede, they are acting in coordination with and in concert with the DHS, as evidenced by DOT's own statement in their August 11 letter that should AAMVA not comply with the Data Demand, DOT would "fil[e] an enforcement action to enforce the [DHS Administrative] subpoena."** [Doc. No. 1-2] at 21.

*Illinois v. U.S. Dep't of Transp.*, No. 1:26-cv-2547, ECF No. 113 at 11–12 (emphasis added). The Court found that Plaintiff States made a clear showing that they are likely to succeed on the merits of their claims that FMCSA's data demand was unlawful, and it ordered in relevant part that:

> Defendant AAMVA, its officers, agents, servants, employees and attorneys, and those who are in active concert or participation with them, be, and the same hereby are, ENJOINED from transferring to the Federal Defendants or any other agency the Plaintiff States' CDLIS Master Pointer Records, as requested in the Data Demand;

and

> Defendants DOT, FMCSA, Secretary of Transportation, and the Administrator of FMCSA, their officers, agents, servants, employees and attorneys, and those who are in active concert or participation with them, be, and the same hereby are, ENJOINED from taking any adverse actions against the Plaintiff States or the AAMVA based on the failure to transfer to them the information requested in the Data Demand, including, without limitation, terminating or threatening to terminate AAMVA's federal contracts or funding, terminating or threatening to terminate Plaintiff States' federal contracts or funding, or taking any other action that could impair the operation of CDLIS or Plaintiff States' ability to issue commercial driver's licenses.

*Illinois v. U.S. Dep't of Transp.*, No. 1:26-cv-2547, ECF No. 113 at 16.

On September 25, 2026, the Federal Defendants in the related case moved to clarify the excerpted portions of the Court's order, *Illinois v. U.S. Dep't of Transp.*, No. 1:26-cv-2547, ECF No. 117, specifically arguing that "DHS should be able to continue to pursue" the Subpoena, and asking the Court to revise the order to permit "non-party federal entities" to take adverse actions against Plaintiff States or AAMVA to obtain the demanded data, ECF No. 118 at 2–3. The Court denied that motion, and ordered that:

> The scope of the preliminary injunction, [Doc. No. 113], is clear on its face with respect to the transfer of the files constituting the Data Demand and to the extent any federal officer or agency is unclear whether an actually contemplated action, decision or course of conduct would be in violation of the Court's Order, those concerns can be brought to the Court for a ruling.

*Illinois v. U.S. Dep't of Transp.*, No. 1:26-cv-2547, ECF No. 124.

Last night—more than three weeks after the Court entered its preliminary injunction in the related case—the Federal Defendants appealed the preliminary injunction, and moved to stay that injunction pending appeal, ECF No. 135.

This procedural history illustrates the federal government's repeated efforts to evade the injunction that currently protects the state-owned records at issue in this case from disclosure by AAMVA to the Department of Homeland Security, a party that the federal government has

conceded was acting in coordination with and in concert with FMCSA in connection with the data demand at issue in the related case. If the status of the preliminary injunction becomes secure, Movant States intend to confer with Respondent about what next steps are appropriate in this matter and approach the Court with a proposed course of action. But until all motions practice regarding whether the injunction will remain in effect has concluded, Movant States respectfully request that this Court deny the motion to lift the abeyance.

## CONCLUSION

Movant States respectfully request that the Court deny Respondent's motion.

Dated: October 9, 2026

Respectfully submitted,

**KWAME RAOUL**
Attorney General of Illinois

/s/ Katharine Roller
Cara Hendrickson†
*Executive Deputy Attorney General*
Katharine Roller†
*Complex Litigation Counsel*
Gretchen Helfrich†
*Deputy Chief, Special Litigation Bureau*
Molly Mauck†
*Assistant Attorney General*
Office of the Illinois Attorney General
115 S. LaSalle St.,
Chicago, IL 60603
312-814-3000
Cara.Hendrickson@ilag.gov
Katharine.Roller@ilag.gov
Gretchen.Helfrich@ilag.gov
Molly.Mauck@ilag.gov
*Counsel for Plaintiff State of Illinois*

**JAY JONES**
Attorney General of Virginia

/s/ Megan C. Keenan
Tillman J. Breckenridge (#85647)
*Solicitor General*
Megan C. Keenan (#102489)
*Deputy Solicitor General*
*Counsel of Record*
Mikaela A. Phillips (#97164)
*Assistant Solicitor General*
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
804-786-2071
mkeenan@oag.state.va.us
mphillips@oag.state.va.us
*Counsel for Plaintiff Commonwealth of Virginia*

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

/s/ Mitchell P. Reich
Mitchell P. Reich†
*Senior Counsel to the Attorney General*

**ROB BONTA**
Attorney General of California

/s/ David Green
Thomas S. Patterson*
Michael L. Newman*

Karthik Reddy†
*Special Assistant Attorney General*
Office of the Attorney General for the District of Columbia
400 Sixth St. NW
Washington, DC 20001
202-279-1261
Mitchell.Reich@dc.gov
*Counsel for Plaintiff District of Columbia*

*Senior Assistant Attorneys General*
Seth E. Goldstein*
Robin L. Goldfaden*
*Supervising Deputy Attorneys General*
David Green†
Maria Buxton†
Chase Goldstein†
Ezra Kautz†
Emilia P. E. Morris†
*Deputy Attorneys General*
1300 I Street, Suite 125
Sacramento, CA 95814
916-210-6242
David.Green@doj.ca.gov
*Counsel for Plaintiff State of California*

**KRISTIN MAYES**
Attorney General of Arizona

*/s/ Mary M. Curtin*
Mary M. Curtin†
*Senior Litigation Counsel*
Arizona Attorney General's Office
2005 N. Central Ave.
Phoenix, AZ 85004
602-542-3333
Mary.Curtin@azag.gov
ACL@azag.gov
*Counsel for Plaintiff State of Arizona*

**PHIL WEISER**
Attorney General of Colorado

*/s/ Gabe Podesta*
Gabe Podesta†
Sarah H. Weiss†
*Senior Assistant Attorneys General*
1300 Broadway, 10th Fl.
Denver, CO 80203
720-508-6000
Gabe.Podesta@coag.gov
Sarah.Weiss@coag.gov
*Counsel for Plaintiff State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

*/s/ Vianca Malick*
Vianca Malick†
*Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
860-808-5090
Vianca.Malick@ct.gov
*Counsel for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of Delaware

/s/ *Ian R. Liston*
Ian R. Liston†
*Director of Impact Litigation*
Vanessa L. Kassab*
*Deputy Attorney General*
Anuradha Sivaram*
*Assistant Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
302-683-8899
Ian.Liston@delaware.gov
*Counsel for Plaintiff State of Delaware*

**ANNE E. LOPEZ**
Attorney General of Hawai'i

*/s/ Kaliko'onālani D. Fernandes*
Kaliko'onālani D. Fernandes†
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
808-586-1360
kaliko.d.fernandes@hawaii.gov
*Counsel for Plaintiff State of Hawai'i*

**AARON M. FREY**
Attorney General of Maine

*/s/ Halliday Moncure*
Halliday Moncure†
*Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
207-626-8800
Halliday.Moncure@maine.gov
*Counsel for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

*/s/ Yasmin Dagne*
Yasmin Dagne†
*Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-223-1580
ydagne@oag.maryland.gov
*Counsel for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

*/s/ Gerard J. Cedrone*
Gerard J. Cedrone†
*Deputy State Solicitor*
Michelle Pascucci†
*State Trial Counsel*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
617-963-2282
Gerard.Cedrone@mass.gov
*Counsel for Plaintiff Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General of Michigan

*/s/ Neil Giovanatti*
Neil Giovanatti†
*Assistant Attorney General*
P.O. Box 30212
Lansing, MI 48909
517-241-1050
GiovanattiN@michigan.gov
*Counsel for the State of Michigan*

**KEITH ELLISON**
Attorney General of Minnesota

*/s/ Lindsey E. Middlecamp*
Lindsey E. Middlecamp†
*Special Counsel, Rule of Law*
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0711
Lindsey.middlecamp@ag.state.mn.us
*Counsel for the State of Minnesota*

**AARON D. FORD**
Attorney General of Nevada

*/s/ K. Brunetti Ireland*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

*/s/ Sadia Ahsanuddin*

K. Brunetti Ireland†
*Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov
*Counsel for the State of Nevada*

*Deputy Attorney General*
Sadia Ahsanuddin†
New Jersey Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-3100
Sadia.Ahsanuddin@law.njoag.gov
*Counsel for Plaintiff State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

*/s/ Anjana Samant*
Anjana Samant*
*Deputy Counsel*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
505-270-4332
asamant@nmdoj.gov
*Counsel for Plaintiff State of New Mexico*

**LETITIA JAMES**
Attorney General of New York

*/s/ Rabia Muqaddam*
Rabia Muqaddam†
*Chief Counsel for Federal Initiatives*
Matthew Conrad†
*Assistant Attorney General*
28 Liberty St.
New York, NY 10005
212-416-8333
Rabia.Muqaddam@ag.ny.gov
Matthew.Conrad@ag.ny.gov
*Counsel for Plaintiff State of New York*

**DAN RAYFIELD**
Attorney General of Oregon

*/s/ Scott P. Kennedy*
Scott P. Kennedy†
*Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
971-673-1880
Scott.Kennedy@doj.oregon.gov
*Counsel for Plaintiff State of Oregon*

**JOSH SHAPIRO**
Governor for Commonwealth of Pennsylvania

*/s/ Jacob B. Boyer*
Jennifer C. Selber*
Jacob B. Boyer†
Governor's Office of General Counsel
30 North 3rd Street
Suite 200
Harrisburg, PA 17101
JacobBoyer@pa.gov
*Counsel for Governor Josh Shapiro*

**CHARITY R. CLARK**
Attorney General of Vermont

*/s/ Ryan Patrick Kane*
Ryan Patrick Kane†
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
802-828-3171

**NICHOLAS W. BROWN**
Attorney General of Washington

*/s/ Lauryn K. Fraas*
Lauryn K. Fraas†
*Assistant Attorney General*
800 Fifth Ave., Suite 2000
Seattle, WA 98104-3188
206-464-7744

Ryan.Kane@vermont.gov
*Counsel for Plaintiff State of Vermont*

Lauryn.Fraas@atg.wa.gov
*Counsel for Plaintiff State of Washington*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

/s/ Brian Keenan
Brian Keenan†
*Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707
608-266-0020
Brian.Keenan@wisdoj.gov
*Counsel for Plaintiff State of Wisconsin*

† *Admitted pro hac vice*
* *Pro hac vice forthcoming*